# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:13-CV-1149

SUPERIOR PERFORMERS, INC. d/b/a
NATIONAL AGENTS ALLIANCE,

    Plaintiff,

v.

SHAWN L. MEAIKE, MARC J. MEADE,
BRYANT STONE, FRANK EUFEMIA,
and JAIME EUFEMIA,

    Defendants.

COMPLAINT

COMES NOW Plaintiff Superior Performers, Inc., d/b/a National Agents Alliance ("Plaintiff" or "NAA"), complaining of Defendants, and alleges and says:

1. Plaintiff is a Virginia corporation with its principal place of business in Alamance County, North Carolina.

2. Upon information and belief, Shawn L. Meaike ("Meaike") is a citizen and resident of Connecticut.

3. Upon information and belief, Marc Meade ("Meade") is a citizen and resident of New Jersey.

4. Upon information and belief, Bryant Stone ("Stone") is a citizen and resident of Connecticut.

5. Upon information and belief, Frank Eufemia is a citizen and resident of Maryland.

6. Upon information and belief, Jaime Eufemia is a citizen and resident of Maryland.

7. Meaike, Meade, Stone, Frank Eufemia, and Jaime Eufemia are collectively referred to herein as "Defendants".

8. NAA is an Independent Marketing Organization ("IMO") and Managing General Agent ("MGA") to various insurance companies, including American General – AIG Assurity, Fidelity Life Association, Foresters, ING Annuity & Mortgage, ING Reliastar, Mutual of Omaha, Old Mutual Financial Network and United of Omaha (which are collectively referred to as the "Carriers").

9. NAA recruits and trains Agents to sell insurance for those insurance companies for which it acts as an IMO or a MGA, and it earns commissions from the Carriers for the Agents' sales of life insurance. Defendants were recruited and trained by NAA, which represents a significant expense and investment by NAA.

10. Defendants worked under contract with both NAA and the Carriers to sell life insurance products for the Carriers. Defendants were paid commissions by the Carriers for the products they sold for the Carriers.

11. Any Agents recruited by Defendants to sell insurance are referred to as "Downline Agents."

12. Each of the Defendants entered into a separate "Agent Agreement" directly with NAA. In addition, Meaike, Meade, and Stone signed Management Marketing Agreements ("Management Agreements") with NAA.

13. The Agent Agreements signed by Defendants each contain provisions prohibiting recruitment of NAA's Agents for a restricted period after each left his or her relationship with NAA. Such Agreements also contain provisions prohibiting the soliciting of NAA's customers.

14. The Management Agreements also contained provisions limiting Meaike's, Meade's, and Stone's abilities to compete against NAA within a defined area and during a restricted period.

15. Each of the Agent and Management Agreements was and is reasonable, valid, and enforceable.

16. The relationship between NAA and each Defendant has ended.

17. Each Defendant, upon information and belief, recruited and solicited NAA's agents (who are independent contractors) to leave NAA and join a new organization created or operated by Meaike.

18. The solicitation of NAA's agents was a violation of the Agent Agreements by each Defendant.

19. Upon information and belief, Meaike, Meade, and Stone have also each violated the non-competition provisions in their Management Agreements.

20. This Court has jurisdiction over this matter pursuant to 28 USC Sec. 1332. Venue is proper in this District pursuant to 28 USC Sec. 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FIRST CAUSE OF ACTION
(Breach of Contract)

21. The foregoing Paragraphs are incorporated by reference.

22. As discussed above, each Defendant has violated the provisions in their Agent Agreements prohibiting the solicitation of NAA's Agents.

23. As discussed above, Meaike, Meade, and Stone have each breached the non-competition provisions in their respective Management Agreements.

24. In addition, each Defendant is liable for debts owed to Plaintiff, the exact amounts to be proven at trial.

25. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

26. NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages. Accordingly, NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his or her contractual obligations, including those prohibiting solicitation of employees and independent contractors, as well as the non-competition provisions.

27. NAA is further entitled to attorneys' fees and expenses incurred in seeking to enforce the Management and Agent Agreements, pursuant to the terms of such Agreements.

## SECOND CAUSE OF ACTION
(Tortious Interference with Contract and Business Relationships)

28. The foregoing Paragraphs are incorporated by reference.

29. As set forth above, each Defendant has interfered with NAA's contractual and business relationships with its Agents. Such conduct was wrongful and was not motivated by a legitimate business purpose. Such conduct was in deliberate violation of each Defendant's contractual obligations to NAA and was intended to damage NAA.

30. The foregoing conduct constitutes tortious interference with NAA's contractual and business relationships. NAA has been damaged as a result of such conduct, and is entitled to monetary and injunctive relief to address such past and ongoing conduct.

31. The foregoing conduct was willful and was intended to inflict harm on NAA. Accordingly, NAA is entitled to an award of punitive damages in an amount to be established at trial.

32. NAA is further entitled to attorneys' fees and expenses incurred in seeking to enforce the Management and Agent Agreements, pursuant to the terms of such Agreements.

## THIRD CAUSE OF ACTION
(Unfair and deceptive trade practices)

33. The foregoing Paragraphs are incorporated by reference.

34. As set forth above, Defendants have intentionally interfered with NAA's contractual and business relationships with its Agents. Such conduct was willful and was intended to inflict harm on NAA.

35. Defendants' conduct was not limited to isolated acts, but was designed and intended to take significant portions of NAA's business and operations. Defendants have, in fact, inflicted damages on NAA's business and operations. Defendants' conduct was in and affected commerce.

36. Defendants' conduct constitutes unfair and deceptive trade practices pursuant to the common law and applicable statutory provisions, including but not limited to N. C. Gen. Stat. 75-1.1, *et seq.*

37. NAA is entitled to recover monetary damages from Defendants for their misconduct. In addition, NAA is entitled to exemplary damages (including treble damages under N. C. Gen. Stat. 75-16.1), as well as their costs and attorneys' fees in pursuing this action.

## FOURTH CAUSE OF ACTION
(Civil Conspiracy)

38. The foregoing Paragraphs are incorporated by reference.

39. Each Defendant has acted in concert with the other Defendants in each of the foregoing acts of misconduct. Such concerted actions were pursuant to a common plan or scheme designed to damage NAA.

40.     NAA has been damaged as a result of the acts conducted in furtherance of Defendants' conspiracy.  NAA is entitled to recover its damages against Defendants, jointly and severally.

WHEREFORE, Plaintiff Superior Performers, Inc., d/b/a National Agents Alliance, prays that the Court:

1.      Award temporary and permanent injunctive relief against Defendants enjoining future violations of the Management Agreements and the Agent Agreements;

2.      Award it such damages as may be proved at trial, in an amount in excess of $75,000, against Defendants, jointly and severally;

3.      Award it exemplary damages, including treble damages;

4.      Award it attorneys' fees pursuant to the terms of the Management Agreements, the Agent Agreements, and applicable law;

5.      Provide a trial by jury as to all issues so triable;

6.      Tax the costs of this action against Defendants; and

7.      Award it such other relief as to the Court seems just and proper.

This the 27th day of December, 2013.

/s/ Robert J. King III
Robert J. King III
NC State Bar No.:  15946
rking@brookspierce.com

Kathleen A. Gleason
NC State Bar No.: 31984
kgleason@brookspierce.com

Daniel F. E. Smith
NC State Bar No.: 41601
dsmith@brookspierce.com

*Attorneys for Plaintiff Superior Performers, Inc. d/b/a National Agents Alliance*

OF COUNSEL:

**BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, L.L.P.**
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336/373-8850
Facsimile: 336/378-1001