IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SUPERIOR PERFORMERS, INC. d/b/a NATIONAL AGENTS ALLIANCE, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV382 |
| | ) | |
| FAMILY FIRST LIFE, LLC, SHAWN L. MEAIKE, JERROD EWING, MATTHEW SMITH, WILLIAM MARTIN, KRISTOPHER KRAUSE NICK THEODORE, and PAUL E. MCCLAIN, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is currently before the Court on the Motion to Consolidate[1] [Doc. #6] filed by Plaintiff Superior Performers, Inc. ("Plaintiff" or "NAA"). For the reasons discussed below, the Court grants in part and denies in part Plaintiff's Motion to Consolidate. All Defendants[2] in the four cases (Cases Nos. 1:13cv1149, 1:14cv232, 1:14cv283, and 1:14cv382) (collectively "Consolidation Defendants"), have filed Responses in Opposition to the Motion to Consolidate [Doc. #13], to which, Plaintiff has filed a Reply [Doc. #17].

---

[1]This same Motion and subsequent briefing is also filed in case numbers 1:13cv1149, 1:14cv232, and 1:14cv283. Memorandum Opinions and Orders will be entered as to each case.

[2]Defendant Joshua Sivak, a Defendant in Case Number 1:14CV232 did not file a Response to the Motion to Consolidate, and was the only Defendant with separate representation. The Plaintiff, however, voluntarily dismissed Defendant Sivik from this action on August 5, 2014. (See Notice of Vol. Dismissal [Case No.1:14CV232, Doc. #39].)

I.    BACKGROUND

This case is one of several related cases brought by Plaintiff in an attempt to, among other things, enforce restrictive covenants entered into by current and former NAA agents and managers. The Court previously granted Plaintiff's Motion for Temporary Restraining Order in Case Number 1:13CV1149 [Case No. 1:13CV1149, Doc. #36], and allowed the terms of that injunctive relief to remain in effect from the March 5, 2014 hearing until its Memorandum Opinion and Order [Case No. 1:13CV1149, Doc. #88] granting in part Plaintiff's Motion for Preliminary Injunction [Case No. 1:13CV1149, Doc. #13] was filed on April 11, 2014.

Plaintiff now brings a Motion to Consolidate the following federal cases: 1:13CV1149, 1:14CV232, 1:14CV283, 1:14CV382.[3] Collectively, these cases contain a total of 36 separate Defendants and 31 Causes of Action.[4] In Case Number 1:13CV1149, Plaintiff asserts five Causes of Action against six Defendants. These Causes of Action include those for breach of contract based on alleged violations of the non-solicitation and non-competition[5] agreements, a claim for tortious interference with contract and business relationships, a claim for unfair and

───────────────

[3]The Court notes that there were originally five related cases filed with this Court, including Superior Performers, Inc. v. Chism, Case No. 1:13CV1147. However, that case has been voluntarily dismissed, and therefore is not included in Plaintiff's Motion to Consolidate.

[4]The Court notes that a Motion to Amend [Case No. 1:13CV1149, Doc. #62] in Case Number 1:13CV1149 is pending, and if the Motion to Amend is granted, the Causes of Action will increase to 39.

[5]The Second Amended Complaint, attached to Plaintiff's Motion to Amend [Case No. 1:13CV1149, Doc. #62] in Case Number 1:13CV1149, does not include any claims based on a breach of the non-competition clauses of the parties' agreements. If Plaintiff's Motion to Amend is granted, the only case involving claims for breach of the non-competition provisions would be Case Number 1:14CV382.

deceptive trade practices, a civil conspiracy claim, and a wiretapping claim.

Case Number 1:14CV232, includes 30 Defendants with 16 Causes of Action. Like 1:13CV1149, Case Number 1:14CV232 also includes breach of contract claims based on alleged violations of the non-solicitation agreements, as well as claims for breach of contract based on other parts of the agent and managerial agreements. Other claims involved in 1:14CV232 include claims for tortious interference, unfair and deceptive trade practices, unfair competition, civil conspiracy, and wiretapping. None of the Defendants named in Case Number 1:13CV1149 are also named in Case Number 1:14CV232. The Court also notes that the Defendants in Case Number 1:14CV232 have asserted counterclaims, and claims against Third-Party Defendants.

In Case Number 1:14CV283, Plaintiff asserts claims against Family First Life, LLC ("Family First") and Shawn Meaike based on these Defendants alleged use of NAA's service mark. These claims include, claims for breach of contract, unfair competition, service mark infringement, unfair and deceptive business practices, and unfair competition and business conversion based on use of the service mark. Both of the Defendants named in Case Number 1:14CV283 are also named in more than one of the other cases before the Court.

The most recent case filed by Plaintiff is Case Number 1:14CV382, which asserts five Causes of Action against eight Defendants, all of who are named in other cases before the Court. This case includes claims based on Defendants alleged unlawful competition with Plaintiff. Based on these alleged actions, Plaintiff asserts claims for breach of contract, common law unfair competition and business conversion, unfair and deceptive trade practices, tortious interference with contract and business relationships, and civil conspiracy.

3

Plaintiff contends that there are sufficient common questions of law or fact and overlapping Defendants to merit consolidation of the above-described cases. Consolidation Defendants assert, however, that the actions involve different facts as to each Defendant as well as different legal claims. Further, Consolidation Defendants argue that any consolidation will result in prejudice, insofar as each individual will incur costs and expenses related to claims that are not central to his, her, or its defenses, confusion to the trier of fact, and imputation of allegations onto the Consolidation Defendants as a group. In Plaintiff's Reply, it asserts that Consolidation Defendants' argument fail to provide any substantive objection to consolidation for the purposes of pre-trial motions and discovery. Accordingly, Plaintiff requests that consolidation should at least be allowed until the close of discovery.

II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 42(a)(2), district courts may consolidate cases pending before it, if such cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). If this threshold requirement is met, a district court has "broad discretion" concerning whether or not to consolidate cases before it. A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977). When determining whether consolidation is appropriate,

> the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., Securities Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing Arnold v. Eastern

Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)).

Initially, the Court notes that Case Numbers 1:13CV1149, 1:14CV232, and 1:14CV382 most certainly involve common legal and factual questions concerning the validity of the restrictive covenants contained in the parties' agreements. Case Number 1:14CV382 specifically involves the non-competition provisions, while the other two cases focus to a greater extent on the non-solicitation provisions. Both non-competition and non-solicitation provisions, however, are restrictive covenants and require the application of the same law. See Medical Staffing Network, Inc. v. Ridgway, 670 S.E. 2d 321, 327-328 (N.C. Ct. App. 2009) (applying the same law to both non-competition and non-solicitation provisions). As indicated in the Court's Memorandum Opinion and Order granting in part Plaintiff's Motion for Preliminary Injunction in Case Number 1:13CV1149, issues remain for discovery concerning the original contracts entered into by the Defendants and whether or not the alleged consideration provided for the later-signed contracts is legally sufficient pursuant to North Carolina law concerning restrictive covenants. (See Mem. Opinion and Order [Case No. 1:13CV1149, Doc. #88], at 14-17.) Further, as the Amended Complaint stands in Case Number 1:13CV1149, it also alleges breach of the non-competition provisions of the agreements. While this may change as a result of any ruling on Plaintiff's pending Motion to Amend such Complaint in Case Number 1:13CV1149, as stated above, the common questions concerning the restrictive covenants' validity in general remain.

While the Consolidation Defendants argue that each of the individual Defendants' ability to defend themselves will be prejudiced if the cases are consolidated, consolidating these three

actions would not cause any greater prejudice than that which currently exists. Case Number 1:14CV232 involves 30 individually named Defendants with 16 separate Causes of Action. The addition of six additional Defendants from Case Number 1:13CV1149 with similar if not the same Causes of Action asserted against such Defendants will not result in any further prejudice concerning the individual Defendants' ability to defend themselves. Additionally, all eight individual Defendants named in Case Number 1:14CV382 are also named in either Case Number 1:13CV1149 or 1:14CV232. While the non-competition claims may differ based on the type of facts needed to establish the breach of such provisions, the additional five claims are not likely to hinder the Defendants' ability to defend themselves against both the non-competition claims and those based on the non-solicitation provisions. To the extent the Consolidation Defendants also allege that consolidating the cases will result in juror confusion, the Court notes that the consolidation itself will not considerably add more complexity or complication for the jurors than currently exists. As stated above, all of the actions contain similar if not the same claims and the cases also contain many of the same defendants. Furthermore, the Court finds that any minor additional confusion or prejudice is outweighed by the remaining factors that the Court must consider, including the possibility of inconsistent findings as to the validity of the restrictive covenants, the judicial resources that would be expended entertaining multiple lawsuits, and the length of time and expense required to try multiple lawsuits compared to a single consolidated suit.

While the Consolidation Defendants argue that consolidation will create additional time and expense requirements as to the individual Defendants, the Court finds that such argument

is without merit. Instead, as stated above, the time and expense requirements actually weigh in favor of consolidation. The Consolidation Defendants are all represented by the same attorneys in all four cases. If three of the cases are consolidated the attorneys would only be required to participate in one discovery plan and prepare and possibly participate in one trial, rather than participate in three separate discovery plans and three separate trials for similar cases. It will be the attorneys' responsibility to allocate the expenses they incur between each individual Defendant based on whether such work was done on behalf of that Defendant or whether such work was based on claims or legal theories associated with that Defendant.

The Court, however, finds that the remaining case, Case Number 1:14CV283, should not be consolidated with the other three cases. Such case specifically focuses on two Defendants, Defendant Shawn Meaike and Defendant Family First, and these Defendants alleged unlawful use of Plaintiff's service mark. The claims in Case Number 1:14CV283 in no way concern the restrictive covenants, which provide the basis for the above three cases. Instead, the only claim that focuses on the parties' agreement, focuses on a provision concerning the retention of Plaintiff's property, as Plaintiff claims that Defendant Meaike retained the service mark in violation of such agreement. The other claims included in Case Number 1:14CV283 include unfair competition, service mark infringement, unfair and deceptive business practices, and unfair competition and business conversion based solely on the alleged unlawful use of the service mark. Plaintiff asserts that the same Causes of Action are asserted in the other three cases, that is claims for breach of contract and unfair and deceptive business practices. These claims, however, are premised on the alleged breach of a completely separate provision of the

parties' agreements or the claims are based on the alleged infringement. Even if asserting the same causes of action in name was sufficient to say that a common legal question is involved in Case Number 1:14CV283, the Court finds that the differences in the law and facts to be applied to the claims involving the service mark justify keeping Case Number 1:14CV283 separate and not consolidated with Case Numbers 1:13CV1149, 1:14CV232, and 1:14CV382. Due to such differences, any effect on judicial resources, the length of time required to try multiple suits, or the relative expense required for multiple suits versus a single suit would be negligible. Further, as stated above, the other three cases are complex. Adding additional claims based on a separate body of law and completely different facts would unnecessarily complicate matters for the jury.

III.    CONCLUSION

In sum, for the reasons stated above, the Court grants Plaintiff's Motion to Consolidate [Doc. #6] as to Case Numbers 1:13CV1149, 1:14CV232, and 1:14CV382 and denies the Motion to Consolidate [Doc. #6] as to Case Number 1:14CV283.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Consolidate is hereby GRANTED IN PART and DENIED IN PART.

This the 21st day of October, 2014.

United States District Judge