IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUPERIOR PERFORMERS, INC. )
d/b/a NATIONAL AGENTS )
ALLIANCE, )
 )
       Plaintiff, )
 )
       v. )    1:14CV382
 )
FAMILY FIRST LIFE, LLC, SHAWN )
L. MEAIKE, JERROD EWING, )
MATTHEW SMITH, WILLIAM )
MARTIN, KRISTOPHER KRAUSE )
NICK THEODORE, and PAUL E. )
MCCLAIN, )
 )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is currently before the Court on the Motion to Dismiss [Doc. #14] filed by Defendants, Family First Life, LLC ("FFL"), Jerrod Ewing, Matthew Smith, William Martin, Kristopher Krause, Nick Theodore, and Paul McClain. Plaintiff Superior Performers, Inc. ("Plaintiff" or "NAA") has filed a Response in Opposition to the Motion to Dismiss [Doc. #18], to which, Defendants have filed a Reply [Doc. #19]. For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss.

I.    FACTS AND BACKGROUND

This case is one of several related cases brought by Plaintiff in an attempt to, among other things, enforce restrictive covenants entered into by current and former NAA agents and managers. Plaintiff has filed, in total, four separate lawsuits against various Defendants

associated with Defendants Meaike and FFL, which is Meaike's company. Collectively, these cases contain a total of 36 separate Defendants and 33 Causes of Action. In case number 1:13CV1149, Plaintiff asserted seven Causes of Action against six Defendants. These Causes of Action include those for breach of contract based on alleged violations of the non-solicitation agreements and based on an alleged violation of a separate clause of the employment agreements concerning the payment of debts. Case number 1:14CV232, includes 30 Defendants with 16 Causes of Action. These Causes of Action include those for breach of contract based on alleged violations of the non-solicitation agreements, as well as claims for breach of contract based on other parts of the agent and managerial agreements. Other claims involved in 1:14CV232 include claims for tortious interference, unfair and deceptive trade practices, unfair competition, civil conspiracy, and wiretapping. In Case Number 1:14CV283, Plaintiff asserts five claims against Family First Life, LLC ("Family First") and Shawn Meaike based on these Defendants alleged use of NAA's service mark. These claims include, claims for breach of contract, unfair competition, service mark infringement, unfair and deceptive business practices, and unfair competition based on use of the service mark. None of the above-described cases currently include any causes of action based on a breach of the non-competition clauses of the Defendants' employment agreements.

The above-captioned case, which is the most recent case filed by Plaintiff, however, does include claims based on the breach of the non-competition clauses contained in the employment agreements. Specifically, the Complaint asserts five Causes of Action against eight Defendants, all of who are named in the other cases before the Court. The claims are generally based on

Defendants' alleged unfair competition with Plaintiff. Based on such allegations, Plaintiff asserts claims for breach of the non-competition clauses contained in the employment agreements, common law unfair competition and business conversion, unfair and deceptive trade practices, tortious interference with contract and business relationships, and civil conspiracy. Defendants are now moving to dismiss such claims based on two theories. First, Defendants argue that the claims based on alleged violations of the non-competition clauses are impermissible based on Plaintiff's counsel's statements made during a hearing regarding the Preliminary Injunction issued in case number 1:14CV1149. Second, Defendants argue that, in the alternative, the claims in this action must be dismissed pursuant to the claim-splitting doctrine.

II. DISCUSSION

Defendants make two separate and distinct arguments in favor of dismissal of Plaintiff's Complaint. Accordingly, the Court will address each of these arguments in turn below.

A. Counsel's Statements

Defendants first argue, that Plaintiff is barred from bringing any claims against Defendants based on an alleged violation of the non-competition clauses contained in Defendants' employment agreements because Plaintiff's Counsel conceded that such non-competition clauses were unenforceable. These statements were allegedly made during a hearing concerning the Preliminary Injunction issued in case number 1:14CV1149. The Preliminary Injunction restrains Defendants from soliciting, or encouraging others to solicit, Plaintiff's current employees to leave employment with Plaintiff or to establish a relationship with Defendant Meaike's Company, FFL. Thus, the Preliminary Injunction hearing was in principal

3

only delving into the validity of the non-soliciation clauses, rather than the non-competition clauses. However, in support of Defendants' argument that statements made by Plaintiff's Counsel at this hearing render the non-competition clauses unenforceable, Defendants cite the following transcript excerpts:

> However, if they quit on their own volition, they can go work for you. I think that's a fair reading. I think that's a conservative reading because if I came to Your Honor and said, Our position is you can't go to work—nobody who has ever worked for us or nobody that has worked for us in the last six months can go to work for the Defendants, frankly, that's not something I can argue with a straight face to the Court because that's not what the contract says.

(Hearing Transcript–Ex. 4 [Doc. #15], at 10.);

> So this is not a situation in which Mr. Meaike said, "I want to start my own business. I want to compete. I'm going to quit and I'm going to start my own business." Because if he wanted to do that, that's fine. What he can't do is this. He can't recruit our folks in violation of his contract and do it all behind the scenes and then walk in one day and say, "I'm leaving. I'm taking all these agents and I'm ignoring my contractual obligations to you."

(Id. at 16.); and,

> All we're asking is—if he wants to leave and go form a competing company, he can have at it. The world is full of insurance agents. He can leave and do it, and with our blessing he can do it. What we're saying is when you sign this agreement and you got all these benefits from us and you got all this money from us—all we're asking is you comply with the agreement and the main part of the agreement is—we're not in here—we're not here talking about non-competes. We just want you to comply with the anti-poaching provisions. That's all we're asking for.

(Id. at 26-27.) In response to this argument, Plaintiff asserts that these statements were mischaracterized by Defendants and such statements do not support a finding that Plaintiff's Counsel admitted that the non-competition clauses were unenforceable.

The Fourth Circuit has made clear that "statements by an attorney concerning a matter

4

within his employment may be admissible against the retaining client." United States v. Blood, 806 F.2d 1218, 1221 (4th Cir. 1986). Furthermore, "a *clear and unambiguous* admission of fact" may have a binding effect on the client. Id. (emphasis added). In this situation, however, Counsel did not make a clear and unambiguous admission that the non-competition clauses were unenforceable. Plaintiff's Counsel did certainly state that the Defendants in case number 1:14CV1149 could compete with Plaintiff by forming another company or freely leaving the Plaintiff's employment. Plaintiff's Counsel did not state, however, that this competition was free of any and all restraints. Furthermore, at no time did Plaintiff's Counsel actually state that the non-competition clauses were unenforceable. Counsel for Plaintiff, instead, only stated that at the time of the Preliminary Injunction, Plaintiff only wanted Defendants in that case, "to comply with the anti-poaching provisions" and they were not there "talking about non-competes." (Hearing Transcript–Ex. 4 [Doc. #15], at 26-27.) Additionally, while Plaintiff's Counsel did state that the persons could go work for FFL, such a statements is not a clear and unambiguous admission that the non-competition clauses are unenforceable. Accordingly, the Court finds that Plaintiff's Counsel did not make a clear unambiguous statement concerning the enforceability of the non-competition clauses. Thus, Defendant's Motion to Dismiss cannot be granted based on this argument.

    B.    Claim-Splitting

Defendants next argue that Plaintiff's claims in this action must be dismissed based on the doctrine of claim-splitting. Defendants assert that Plaintiff previously made claims against all of the Defendants in this action in the three cases it filed prior to this case, and the other

claims asserted in those cases are based on the same contracts involved in this action. Furthermore, Defendants assert that based on the allegations made in the earlier filed cases, Plaintiff cannot claim to have been without knowledge of the alleged non-competition clause violations that it now seeks to assert in this action. In response, Plaintiff claims that the claim-splitting doctrine does not apply in this case, because it requires a final judgment. In the alternative, Plaintiff asserts that Defendants mischaracterized the pleadings in the prior cases, because those cases do not assert the same claims as Plaintiff is asserting in the above-captioned case.

The claim-splitting doctrine, like *res judicata*, bars a second suit, if the claim in such suit "involves the same parties or their prives and 'arises out of the same transaction or series of transactions'" as the claims in the first suit. Sensormatic Sec. Corp. v. Sensormatic Electronics Corp., 452 F. Supp. 2d 621, 626 (D. Md. 2006) (quoting Trustmark Insur. Co. v. ESLU, Inc., 299 F.3d 1265, 1269–70 (11th Cir. 2002)). Accordingly, parties "may not pursue, in separate lawsuits, breach-of-contract claims against the same party arising out the same contract." Id. (citations omitted). The breaches alleged in the second suit, which are the subject of the claim-splitting doctrine, however, must have occurred prior to the first suit being filed. See id. (quoting Prime Mgmt. Co., Inc. v. Steinegger, 904 F.2d 811 (2d Cir.1990)).

Initially, the Court notes that Plaintiff's argument that claim-splitting, like *res judicata*, requires a final judgment is without merit. The principles behind the claim-splitting doctrine, like those behind *res judicata*, are to foster judicial economy, to protect parties from vextatious and expensive legation, and to prevent piecemeal litigation. Id. at 626. Claim-splitting, however,

bars two suits that are pending at the same time, while *res judicata* bars a second suit that is filed after the final adjudication of a first suit. Id., at n.2; see Sensormatic Sec. Corp. v. Sensormatic Electronics Corp., 273 Fed. App'x 256, 265 (4th Cir. 2008) ("Often, the rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit."). Accordingly, if this suit involves the same parties and arises out of the same transaction or series of transactions as the claims in the first three suits, the Court may dismiss this suit despite the lack of a final judgment in the first three suits.

There is no argument that the same parties involved in this action are not also named parties in the other three actions. Defendant Meaike is a named party in both case numbers 1:13CV1149 and 1:14CV283. All of the remaining named Defendants in the above-captioned case are parties named in case number 1:13CV232.[1] Accordingly, the only remaining question is whether the claims in this suit arise out of the same transaction or series of transactions as the claims in those suits.

For purposes of this opinion, the Court will narrow its analysis of the prior cases to case number 1:13CV1149 and case number 1:14CV232. The claims in case number 1:14CV283 arise out of those Defendants' alleged misuse of Plaintiff's service marks and such claims do not involve any alleged violation of the restrictive covenants contained in the employment agreements. Both Complaints in case number 1:13CV1149 and case number 1:14CV232, however, assert breaches of the restrictive covenants contained in the employment agreements.

---

[1]FFL is also a named party in case number 1:14CV283.

7

Specifically, both Complaints allege breaches of the non-solicitations clauses. The non-solicitation clauses at issue prevent those who leave employment with Plaintiff from, among other things, soliciting, or encouraging others to solicit, Plaintiff's current employees to leave employment with Plaintiff. The previous two suits also, at one point, alleged claims for tortious interference with contract and business relationships, common law unfair competition and business conversion, unfair and deceptive trade practices, civil conspiracy and wiretapping. Those claims, however, have since been dismissed. (See Mem. Opin. & Ord. Denying in Part Mot. to Amend [Case No. 1:13CV1149, Doc. #207].)

In this above-captioned case, Plaintiff asserts claims for breach of the restrictive covenants contained in Defendants' employment agreements. The covenant at issue, however, is the non-competition clause. The non-competition clause prevents signatories from engaging in a competing business within a certain territory, performing services for a consumer or competing business within such territory, and making statements or conduct intended to or having the effect of assisting a competing business or harming Plaintiff's relations with its current or potential customers, agents, employees, vendors, suppliers, or carriers. Based on the alleged breach of this non-competition clause, Plaintiff also, like in the other two cases, asserts claims for tortious interference with contract and business relationships, common law unfair competition and business conversion, unfair and deceptive trade practices, and civil conspiracy.

Plaintiff appears to be arguing that because the other cases do not concern the non-competition clause of the agreement, they do not arise out of the same transaction or occurrence. The Court finds that this argument is without merit. Plaintiff's Complaint in this

8

action revolves around the same employment agreements complained of in the other two similar actions pending with this Court. The only difference is the particular clause at issue. Specifically, in this action Plaintiff is asserting that Defendants breached their agreements by engaging in certain competing activities. While in the other actions, Plaintiff asserts that Defendants breached their agreements by soliciting others to leave employment with Plaintiff and start employment with FFL. These two activities, however, are interrelated as they both revolve around Defendants actions in relation to FFL and they both involve Defendants' post-employment actions. In fact, the Complaint in this action makes reference to Defendants' alleged solicitation of Plaintiff's employees as a basis for demonstrating Defendants' alleged unfair competition. (See Compl. [Doc. #1], at ¶ 34.)

Furthermore, it is clear that Plaintiff knew of Defendants' alleged breach of the non-competition clauses when Plaintiff filed its original Complaint in case number 1:13CV1149. In Plaintiff's original Complaint in that action, Plaintiff actually asserted claims for breach of the non-competition clauses. (See Original Compl. [Case No. 1:13CV1149, Doc. #1], at ¶ 23.) These claims, for reasons unknown to the Court, were not included in Plaintiff's later filed Complaints in that action. Plaintiff's current Complaint, however, continues to make reference to the non-competition clauses contained in the employment agreements. (See Second Amend. Compl. [Case No. 1:13CV1149, Doc. #208], at ¶ 15). Additionally, Plaintiff's Amended Complaint in case number 1:14CV232 makes reference to the damage that the alleged solicitation has caused to Plaintiff's competitive advantage, which is also what the non-competition clauses seek to protect. (See Amend. Compl. [Case No. 1:14CV232, Doc. #12], at

¶ 77, 82, 153, 162, 163, & 167.)

Plaintiff cannot now, through the Complaint in this action, attempt to pursue a new and separate lawsuit based on the alleged breach of the non-competition clauses, when the claims arise out of the same employment agreements and involve the same parties as those in the two other similar actions pending with this Court. See Sensormatic. Sec. Corp. v. Sensormatic Electronics Corp., 329 F. Supp. 574, 579-80 (D. Md. 2004) (dismissing breach of contract claims in a second action based on the same contract at issue in the first action filed against the same defendants). Such attempt is a clear example of the type of situation that the prohibition against claim-splitting is designed to prevent. Plaintiff had the opportunity in the two pending actions to assert these claims. Plaintiff cannot now avoid following the proper procedures in filing a Motion to Amend those Complaints by filing a completely separate action. Accordingly, for such reasons the Court will dismiss Plaintiff's Complaint.

III. CONCLUSION

In sum, while Counsel's statements do not constitute a proper basis for dismissal of Plaintiff's Complaint, Plaintiff has, in fact, engaged in claim-splitting. Accordingly, for those reasons, the Court grants Defendants' Motion to Dismiss [Doc. #14].

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED.

This the 4th day of February, 2015.

_____
United States District Judge